IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maudy Binns, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 3196 |
| | ) | |
| LVNV Funding, LLC, a Delaware limited liability company, and Richard J. Boudreau & Associates, LLC, a Massachusetts limited liability company, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maudy Binns, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) one Defendant resides here and both Defendants transact business here.

**PARTIES**

3. Plaintiff, Maudy Binns ("Binns"), is a citizen of the State of Florida, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase Bank USA credit card, which was then allegedly owed to a bad debt buyer, LVNV

Funding, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Richard J. Boudreau & Associates, LLC ("Boudreau"), is a Massachusetts limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Boudreau operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Boudreau was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Boudreau.

7. Defendant LVNV is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, LVNV and Boudreau each conduct business in Illinois.

8. Defendant LVNV is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant LVNV and Boudreau act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Binns is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Chase Bank USA. At some point in time, Defendant LVNV bought Ms. Binns' Chase Bank USA debt, and when LVNV began trying to collect the Chase Bank USA debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, Defendant LVNV hired another debt collector, Resurgent Capital Services ("Resurgent"), to demand payment of the Chase Bank USA debt from Ms. Binns. Resurgent is a sister corporation and is related to LVNV through common ownership, management and employees.

11. Accordingly, on March 18, 2011, one of Ms. Binns' attorneys at LASPD informed Defendants, through LVNV's agent, Resurgent, that Ms. Binns was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Binns was forced, by her financial

circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. On March 30, 2011, Defendant Boudreau, on behalf of Defendant LVNV, sent LASPD a letter requesting confirmation that Ms. Binns was represented by the attorneys at LASPD. A copy of this letter is attached as Exhibit D.

13. Accordingly, on April 21, 2011, Ms. Binns' LASPD attorney sent Defendants a letter which confirmed their representation of Ms. Binns and which again directed them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. Undeterred, Defendants LVNV and Boudreau sent Ms. Binns a collection letter, dated March 26, 2012, which demanded payment of the Chase Bank USA debt. A copy of this collection letter is attached as Exhibit F.

15. Accordingly, on April 30, 2012, Ms. Binns' LASPD attorney had to again send Defendants a letter directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

16. Defendants' collection actions complained of herein (Exhibit F) occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

4

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Binns' agent/attorney, LASPD, told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew, or readily could have known, that Ms. Binns was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Binns was represented by counsel, and had directed a cessation of communications with Ms. Binns.  By directly sending a

collection letter to Ms. Binns, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

    25.    Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Maudy Binns, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Binns, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maudy Binns, demands trial by jury.

Maudy Binns,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 30, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com